**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelvin Damarilamor Anderson, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>Unknown Cocciardi Officer B0544,<br><br>Defendant. | No. CV-25-02612-PHX-ROS (CDB)<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Amend Complaint. (Doc. 20.) The Magistrate Judge to whom this case is referred issued a Report and Recommendation ("R&R") recommending Plaintiff's Motion be granted in part. (Doc. 24.) For the reasons that follow, the Court will grant in part Plaintiff's Motion, and Plaintiff shall have thirty days from the date of this Order to file an amended complaint as to Count One only.

## I.    BACKGROUND

On July 24, 2025, Plaintiff Kelvin Damarilamor Anderson, Jr., filed a pro se prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court granted Plaintiff leave to proceed on Count One of his Complaint but dismissed Counts Two and Three because Plaintiff failed to allege Defendant Cocciardi, the only named Defendant, participated in the alleged events. (Doc. 5.) Plaintiff then filed a motion on October 31, 2025, seeking leave to amend his complaint. (Doc. 20.)

On November 10, 2025, Magistrate Judge Camille D. Bibles issued an R&R recommending that Plaintiff be granted leave to amend Count One to allege two other

detention officers used excessive force against him, as well as to amend Count Three to allege Correctional Health Services ("CHS") denied him adequate medical care. (Doc. 24.) On November 24, 2025, the Maricopa County Attorney, counsel for Defendant Cocciardi, filed an objection to the portion of the R&R recommending Plaintiff be granted leave to amend Count Three. (Doc. 25.)

## II.    LEGAL STANDARD

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* When no objection is made, the district court need only review de novo a magistrate judge's conclusions of law. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998)).

## III.    ANALYSIS

The Maricopa County Attorney objects only to the portion of the R&R recommending Plaintiff be granted leave to amend Count Three because CHS is a non-jural entity lacking capacity to be sued and is not a "person" amenable to suit under § 1983. (Doc. 25 at 5–6.) The R&R did not consider this issue of whether CHS, as a department of Maricopa County, is a proper defendant.

Under Federal Rule of Civil Procedure 17(b)(3), the capacity of CHS to be sued is governed "by the law of the state where the court is located." Arizona law provides that a county has the power to "[s]ue and be sued" as a corporate entity. A.R.S. § 11-201(A)(1). But county departments and administrative subdivisions "that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority." *Braillard v. Maricopa Cnty.*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) (quoting 56 Am. Jur. 2d *Municipal Corporations, Counties, Other Political Subdivisions* § 787 (2010)). No Arizona statute grants CHS separate corporate existence or authority to "sue and be sued" in its own name, so CHS is not a proper defendant.

Moreover, unlike municipalities and local governing bodies, CHS is a non-jural

entity that cannot be sued as a "person" under § 1983. *Austin v. Maricopa Cnty. Sheriff's Off.*, No. CV-24-02771-PHX-JAT (ESW), 2025 WL 89735, at *3 (D. Ariz. Jan. 14, 2025) ("Defendant Correctional Health Services is an administrative subdivision of Maricopa County. It is not a municipal corporation, local governing body, or private corporation, and, therefore, it is not a 'person' amenable to suit under § 1983."); *Hughes v. Arpaio*, No. CV 12–697–PHX–GMS (LOA), 2012 WL 2368615, at *2 (same).

For these reasons, amending Count Three to add CHS as a defendant would be futile because the claim would be immediately "subject to dismissal" for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). As such, the Court will overrule this portion of the R&R and deny leave to amend Count Three. *See, e.g.*, *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

As to the portions of the R&R for which no party filed objections, the Magistrate Judge recommended Plaintiff be granted leave to amend Count One as "he has adequately stated a claim for relief . . . to allege Detention Officers Fieslman and Evans used excessive force against him in violation of his Fourteenth Amendment rights as a pretrial detainee." (Doc. 24 at 4.) Additionally, the Magistrate Judge recommended leave to amend Count Two be denied because "Plaintiff does not assert any facts supporting a conclusion that his hearing [prior to disciplinary segregation] was 'unfair' such that his due process rights were violated." (*Id.* at 5.) The Court finds the R&R's conclusions as to Counts One and Two are thorough and well-reasoned, without clear error of law or fact. *See United States v. Remsing*, 874 F.2d 614, 617–18 (9th Cir. 1989). Pursuant to 28 U.S.C. § 636(b)(1), the Court accepts and adopts these portions of the R&R as the opinion of the Court. For the reasons stated in the R&R, the Court grants Plaintiff leave to amend Count One and denies leave to amend Count Two.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 24) is accepted and adopted in part as the opinion of the Court as described herein.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Amend Complaint (Doc. 20) is **DENIED IN PART** to the extent that Plaintiff requests the Court to accept his lodged amended complaint, and **GRANTED IN PART** to the extent that Plaintiff shall have thirty (30) days from the filing date of this Order to file an amended complaint that excludes Count Two and Count Three and alleges Count One against Defendant Cocciardi and Detention Officers Fieslman and Evans.

Dated this 10th day of April, 2026.

_____
Honorable Roslyn O. Silver
Senior United States District Judge