IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Kelvin Damarilamor Anderson, Jr.,

Plaintiff,

v.

Unknown Cocciardi,

Defendant.

No. CV-25-02612-PHX-ROS (CDB)

**ORDER**

On May 22, 2026, Magistrate Judge Camille D. Bibles issued a Report and Recommendation ("R&R," Doc. 51) recommending Plaintiff's Motion to Amend Complaint (Doc. 47) be denied to the extent Plaintiff seeks leave to proceed on Counts Two and Three of his lodged amended complaint. No party filed an objection to the R&R.[1]

In his lodged amended complaint, Plaintiff restates Count One in compliance with the Court's prior Order, (Doc. 44), adding claims against Fieslman and Evans as Defendants. However, in violation of the Court's prior Order, Plaintiff also restates Counts Two and Three for which Plaintiff was previously denied leave to proceed.

Defendant, interpreting Plaintiff's Motion to Amend Complaint as a request for reconsideration of the Court's Order denying leave to amend Counts Two and Three, argues the Motion to Amend "satisfied none of the requirements for reconsideration. Plaintiff identifies no newly discovered evidence, no intervening change in controlling law,

---

[1] The R&R was initially returned as undeliverable to Plaintiff, (Doc. 52), so on June 17, 2026, the Court ordered the Clerk to send a copy of the R&R to his new address at the Kingman Cerbat Unit, (Doc. 53). However, the Court finds no good cause to extend the deadline for filing objections, as Plaintiff's Motion to Amend Complaint and lodged amended complaint directly violate the Court's prior Order (Doc. 44) instructing him to omit Counts Two and Three in his amended complaint.

and no manifest error of law or fact." (Doc. 50 at 2.) The R&R approves of Defendant's reasoning and recommends the Court adopt it in denying Plaintiff's Motion to Amend. (Doc. 51 at 2.)

Interpreting the Motion to Amend Complaint as a request for reconsideration, the Court agrees that Plaintiff presents no grounds to reconsider the denial of leave to amend and proceed on Counts Two and Three. Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 51) is accepted and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Amend Complaint (Doc. 47) is **DENIED** to the extent Plaintiff seeks leave to proceed on Counts Two and Three of the lodged amended complaint.

**IT IS FURTHER ORDERED** the Clerk of Court is directed to docket the lodged amended complaint (Doc. 48) as Plaintiff's Amended Complaint.

**IT IS FURTHER ORDERED** Counts Two and Three of the Amended Complaint are **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** Defendants Fieslman and Evans are directed to answer Count One of the Amended Complaint.

**IT IS FURTHER ORDERED:**

(1)    The Clerk of Court must send Plaintiff a service packet including the Amended Complaint, this Order, and both summons and request for waiver forms for Defendants Fieslman and Evans.

(2)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on Defendants within 90 days of the filing of the Amended Complaint or within 60 days of the filing of this Order, whichever is later, the Defendants may be dismissed. Fed. R. Civ. P. 4(m); LRCiv

16.2(b)(2)(B)(ii).

(4)    The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(5)    The United States Marshal must notify Defendants Fieslman and Evans of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(6)    If Defendants Fieslman and Evans agree to waive service of the Summons and Amended Complaint, they must return the signed waiver form to the United States Marshal, not to Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(7)    The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendants within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    a.    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    b.    within 10 days after personal service is effected, file the return of service for Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendants pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure,

unless otherwise ordered by the Court.

(8)    Defendants Fieslman and Evans must answer the relevant portion of the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 10th day of July, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge

- 4 -